**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GREGORY JOE EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 09-CV-0001-CVE-TLW |
| ) | |
| JESSE SUTTER, JR., ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2241 habeas corpus action. Before the Court is Respondent's motion to dismiss (Dkt. # 10). Respondent asserts that Petitioner failed to exhaust administrative and judicial remedies prior to commencing this federal habeas corpus action. See Dkt. # 10. Petitioner filed a response (Dkt. # 11) to the motion to dismiss. Petitioner also filed a motion for summary judgment (Dkt. # 13) and a motion for appointment of counsel (Dkt. # 14).

As a preliminary matter, the Court exercises its discretion to deny Petitioner's motion for appointment of counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994). Furthermore, Petitioner is not entitled to entry of summary judgment and his motion for summary judgment shall be denied. See Fed. R. Civ. P. 56.

*BACKGROUND*

In his amended petition (Dkt. # 5), Petitioner, a state inmate appearing *pro se*, challenges the administration of his sentences entered in Oklahoma County District Court, Case Nos. CF-2008-1199 and CF-2000-5290. The record provided by Respondent demonstrates that on October 6, 2008, in Case No. 2008-1199, Petitioner was sentenced on his pleas of guilty to seven (7) years imprisonment on each of the following counts: Count 1, Aggravated Eluding Police Officer; Count

2, Driving Under the Influence; and Count 3, Leaving the Scene of an Accident With Personal Injury, All After Former Conviction of Two or More Felonies. He was also sentenced to six (6) months in custody on Count 4, Driving Under Suspension. Each sentence was ordered to be served concurrent with each other and concurrent with a revoked sentence entered in Case No. CF-00-5290, discussed in more detail below. See Dkt. # 10, Ex. 2. According to the docket sheet for Case No. CF-2008-1199, see Dkt. # 10, Ex. 7, Petitioner filed a *pro se* motion to withdraw his guilty pleas on October 9, 2008. On October 17, 2008, the state district court held a hearing on the motion to withdraw pleas and denied the motion. Petitioner filed a *certiorari* appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), Case No. C-2008-1024. The *certiorari* appeal remains pending. See www.oscn.net.

The record also reflects that on June 1, 2001, in Case No. CF-00-5290, Petitioner was sentenced on his plea of guilty to five (5) years suspended on Count 1, Driving Under the Influence, AFC Driving Under the Influence. See Dkt. # 10, Ex. 3. On July 6, 2004, Petitioner's suspended sentence was revoked, with the first two (2) years to be served in custody, and the remainder of the sentence to be suspended, "subject to being revoked for any subsequent violations of the terms of the original order." See id. On October 6, 2008, Defendant's suspended sentence was again revoked as a result of the crimes charged in Case No. CF-2008-1199. Id. The revoked suspended sentence was ordered to be served concurrent with the sentences entered in Case No. CF-2008-1199. Petitioner did not file a revocation appeal in the OCCA. See Dkt. # 10, Ex. 6. He has not filed an application for post-conviction relief challenging the revocation of his suspended sentence.

Petitioner commenced this 28 U.S.C. § 2241 habeas corpus action on January 5, 2009. See Dkt. # 1. By Order filed January 7, 2009 (Dkt. # 3), the Court determined that Petitioner had failed to provide sufficient factual information to support a constitutional claim. Therefore, Petitioner was afforded the opportunity to file an amended petition to avoid dismissal of this action. On January 21, 2009, Petitioner filed a pleading entitled "Application to Amend Petition for Writ of Habeas Corpus" (Dkt. # 5). Because the application to amend contains additional factual information, the application shall be adjudicated as an amended petition. In his amended petition, Petitioner asserts that CF-2000-5290 is the "controlling case" and that he has discharged the sentence entered in that case. See Dkt. # 5. He claims that because he has discharged the sentence entered in the "controlling case," the Oklahoma Department of Corrections ("DOC") "has no jurisdiction to restrain petitioner." See id.

## *ANALYSIS*

Habeas corpus relief cannot be granted unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b) and (c); see also Rose v. Lundy, 455 U.S. 509, 510 (1982); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Exhaustion of a federal claim may be accomplished by either showing (a) the state's appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254 (b); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534-35 (10th Cir. 1994). The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting

3

Rose, 455 U.S. at 518). Furthermore, a prisoner seeking relief under § 2241 must exhaust state remedies. Montez, 208 F.3d at 865. The requirement includes the exhaustion of administrative remedies as well as judicial remedies. Dulworth v. Evans, 442 F.3d 1265, 1269 (10th Cir. 2006) (citing Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005); Moore v. Olson, 368 F.3d 757, 758 (7th Cir. 2004); Clonce v. Presley, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that a prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus")).

To the extent Petitioner alleges that his suspended sentence entered in Case No CF-2000-5290 was improperly revoked, the Court agrees with Respondent that Petitioner has not fairly presented the claim to the Oklahoma Court of Criminal Appeals. Petitioner has an available remedy: he may file a application for post-conviction relief in Oklahoma County District Court, Case No. CF-2000-5290. In order to obtain post-conviction relief, Petitioner will be required to demonstrate "sufficient reason," see Okla. Stat. tit. 22, § 1086, such as ineffective assistance of counsel, for his failure to challenge the revocation of his suspended sentence by filing a revocation appeal, as provided in Rule 1.2(D)(4), *Rules of the Oklahoma Court of Criminal Appeals*. Should he fail to obtain post-conviction relief in the state district court, Petitioner must file a post-conviction appeal in the OCCA. Because Petitioner's claim challenging the revocation of his suspended sentence is unexhausted, his claim must be dismissed without prejudice.

To the extent Petitioner challenges the DOC's administration of his concurrent sentences entered in Case Nos. CF-2008-1199 and CF-2000-5290,[1] Petitioner has failed to controvert the

---

[1] Petitioner is advised that under DOC's sentence administration policy, service of concurrent sentences is governed by the "controlling case." See OP-060211, VII(B). The policy governing service of concurrent cases specifically provides that "[u]nless directed otherwise by the court, the

4

Affidavit of Debbie L. Morton, see Dkt. # 10, Ex. 4, stating that as of February 9, 2009, the date of the Affidavit, Petitioner had not submitted any correspondence or grievance regarding administration of his sentence to the Administrative Review Authority.[2] Therefore, the Court finds that Petitioner has failed to exhaust available DOC administrative remedies as to his claim challenging the administration of his current sentences by DOC. To exhaust administrative remedies, Petitioner must submit a grievance out of time in accordance with DOC policy. See OP-090124. If no relief is obtained from the grievance reviewing authority, Petitioner must submit a grievance appeal. Because Petitioner's claim challenging the administration of his sentences is unexhausted, the Court finds the claim must be dismissed without prejudice.

## *CONCLUSION*

Petitioner has not exhausted available judicial and administrative remedies for his 28 U.S.C. § 2241 habeas corpus claims, and those remedies must be exhausted before seeking federal habeas corpus relief. Therefore, Respondent's motion to dismiss for failure to exhaust shall be granted and the petition for writ of habeas corpus shall be dismissed without prejudice.

---

longest running concurrent sentence will be the controlling case." Id. In Petitioner's case, the longest running concurrent sentence is the seven (7) year sentence entered in CF-2008-1199. Thus, CF-2008-1199 is the "controlling case," not CF-2000-5290 as argued by Petitioner.

[2]Petitioner has attached to his motion for appointment of counsel a "Grievance Response from Reviewing Authority" for Grievance No. 09-010, dated April 8, 2009, the grievance appeal form, and the result of the grievance appeal. See Dkt. # 14, attachments. Due to the pendency of the instant action, however, administrative officials were unable to consider the issue raised in the grievance. That grievance, filed after commencement of this habeas action, does not satisfy the exhaustion requirement because the issue was not "fairly presented" to the reviewing authority. Cf. Castille v. Peoples, 489 U.S. 346, 351 (1989) (finding that presentation of a claim for the first and only time in a procedural context in which its merits will not be considered does not constitute "fair presentation").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion for summary judgment (Dkt. # 13) is **denied**.

2. Petitioner's motion for appointment of counsel (Dkt. # 14) is **denied**.

3. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 10) is **granted**.

4. The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 5), is **dismissed without prejudice** for failure to exhaust administrative and state judicial remedies.

**DATED** this 12th day of June, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT